UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

ANTONIO MERRITT,

Plaintiff,

v.                                            CAUSE NO. 3:21-CV-502-DRL-MGG

RON NEAL, et al.,

Defendants.

OPINION AND ORDER

Antonio Merritt, a prisoner without a lawyer, filed a complaint that contains unrelated claims. ECF 1. He has sued Officer Baylor because she did not obtain medical attention for him on March 26, 2021, when he was having trouble breathing following inmates starting fires near his cell. He has also sued Correctional Officer Mack because she did not do anything to help him on April 27, 2021, when his toilet was clogged and there was water on his floor. He has sued both Superintendent Ron O Neal and Assistant superintendent Don Buss – neither of whom were personally involved in the incidents already described - because he does not believe they are not fulfilling their duties to the inmates to provide the things necessary for a health life, and because he does not believe they have properly trained their staff. He has sued Grievance Specialist Mark Newkirk for not responding to unidentified grievances. And, finally, he has sued Wexford for refusing to see him for complaints of a sore throat and difficulty breathing.

Mr. Merritt may not sue different defendants based on unrelated events. "Unrelated claims against different defendants belong in different suits . . .." *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). *See also Owens v. Evans*, 878 F.3d 559, 566 (7th Cir. 2017). When a *pro se* prisoner files a suit with unrelated claims, the court has several options. *Wheeler v. Wexford Health Sources, Inc.*, 689 F.3d 680, 683 (7th Cir. 2012). It is the practice of this court to notify the plaintiff and allow him to decide which claim (or related claims) to pursue in the instant case – as well as to decide when or if to bring the other claims in separate suits. *Id*. ("The judge might have been justified in directing Wheeler to file separate complaints, each confined to one group of injuries and defendants."). This is the fairest solution because "the plaintiff as master of the complaint may present (or abjure) any claim he likes." *Katz v. Gerardi*, 552 F.3d 558, 563 (7th Cir. 2009).

The court could properly limit this case by picking a claim (or related claims) for Mr. Merritt because "[a] district judge [can] solve the problem by . . . dismissing the excess defendants under Fed.R.Civ.P. 21." *Wheeler*, 689 F.3d at 683. Alternatively, the court could split the unrelated claims because "[a] district judge [can] solve the problem by severance (creating multiple suits that can be separately screened) . . .." *Id*. Both of these solutions pose potential problems. Thus, it is the prisoner plaintiff who should make the decision whether to incur those additional filing fees and bear the risk of additional strikes. However, if Mr. Merritt is unable to select related claims on which to proceed in this case, one of these options may become necessary. Mr. Merritt needs to decide which related claims and associated defendants he wants to pursue in this case. *See Katz*, 552 F.3d at 563 and *Wheeler*, 689 F.3d at 683. Then, he needs to file an amended complaint including only

a discussion of the related claims and defendants. Moreover, he should not write about other events and conditions at the prison which are not directly related to the claim against the named defendant or defendants. If he believes those other events or conditions state a claim, he needs to file separate lawsuits.

Mr. Merritt will be granted an opportunity to file an amended complaint containing only related claims. *Luevano v. WalMart Stores, Inc.*, 722 F.3d 1014, 1022-23, 1025 (7th Cir. 2013); *Loubser v. Thacker*, 440 F.3d 439, 443 (7th Cir. 2006). In the amended complaint, he should explain in his own words what happened, when it happened, where it happened, who was involved, and how he was personally injured, providing as much detail as possible.

For these reasons, the court:

(1) DIRECTS the clerk to put this case number on a blank Prisoner Complaint Pro Se 14 (INND Rev. 2/20) form and sent it to Antonio Merritt along with a blank Prisoner Complaint Pro Se 14 (INND Rev. 2/20) form and a blank AO-240 (Rev. 7/10) (INND Rev. 8/16) Prisoner Motion to Proceed In Forma Pauperis form;[1]

(2) GRANTS Antonio Merritt until **September 6, 2021**, to file an amended complaint containing only related claims on the form with this case number sent to him by the clerk; and

---

[1] Should Mr. Merritt require additional forms, he may contact the Clerk's Office to request additional forms.

(3) CAUTIONS Antonio Merritt that, if he does not respond by the deadline or if he files an amended complaint with unrelated claims, the court will select one group of related claims and dismiss the others without prejudice.

SO ORDERED.

August 5, 2021                                   s/ Damon R. Leichty
                                                Judge, United States District Court