UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

ANTONIO MERRITT,

    Plaintiff,

v.   CAUSE NO. 3:21-CV-502 DRL-MGG

RON NEAL *et al.*,

    Defendants.

OPINION AND ORDER

Antonio Merritt, a prisoner without a lawyer, filed a complaint that contains unrelated claims. ECF 1. He sued Officer Baylor because she did not obtain medical attention for him on March 26, 2021, when he was having trouble breathing following inmates starting fires near his cell. He also sued Ms. Mack because she did not do anything to help him on April 28, 2021, when his toilet was clogged and there was water on his floor. He sued both Superintendent Ron Neal and Assistant superintendent Don Buss – neither of whom were personally involved in the incidents already outlined - because he does not believe they are fulfilling their duty to provide the things necessary for a health life, and because he does not believe they've properly trained their staff. He sued Grievance Specialist Mark Newkirk for not responding to unidentified grievances. And, finally, he sued Wexford for refusing to see him for complaints of a sore throat and difficulty breathing.

After reviewing the complaint, the court explained to Mr. Merritt that "[u]nrelated claims against different defendants belong in different suits . . .." ECF 5 (quoting *George*

*v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007)). The court further explained that, when a *pro se* prisoner files a suit with unrelated claims, the court has several options, but allowing the plaintiff to amend his complaint to include only related claims is the fairest solution. *Id.* (citing *Wheeler v. Wexford Health Sources, Inc.*, 689 F.3d 680, 683 (7th Cir. 2012); *Katz v. Gerardi*, 552 F.3d 558, 563 (7th Cir. 2009)). Mr. Merritt was instructed that he may not sue different defendants based on unrelated events in a single lawsuit, and he was granted an opportunity to amend his complaint. *Id.* The court has explained to Mr. Merritt that the court could properly limit this case by picking a claim or related claims for him. *Id.* And, he was warned that, if he could not select related claims on which to proceed in this case, it might become necessary for the court to pick for him. *Id.*

Mr. Merritt did not amend his complaint to assert only related claims by the deadline. Therefore, the court will pick for him. After considering the various allegations in the complaint, the court selects Mr. Merritt's allegations against Correctional Officer Ms. Mack for deliberate indifference to his conditions of confinement on April 28, 2021. All other allegations will be excluded from consideration in this lawsuit.

A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, pursuant to 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

On April 27, 2021, Mr. Merritt was moved to a different cell. The toilet in that cell was clogged, and there was a "flood of toilet water" in the cell – nearly a foot. The water remained the next day, when Ms. Mack was assigned to work the range. Every time Ms. Mack walked by his cell, Mr. Merritt asked her to look at the water. He also asked her if someone could fix his toilet and help him to clean up the water. She merely shrugged and said she didn't know what to do. This continued for twelve hours. When the shift changed, another officer called a plumber and spent several hours helping Mr. Merritt clean up the water.

The Eighth Amendment prohibits conditions of confinement that deny inmates "the minimal civilized measure of life's necessities." *Townsend v. Fuchs*, 522 F.3d 765, 773 (7th Cir. 2008). In evaluating an Eighth Amendment claim, courts conduct both an objective and a subjective inquiry. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). The objective prong asks whether the alleged deprivation is "sufficiently serious" that the action or inaction of a prison official leads to "the denial of the minimal civilized measure of life's necessities." *Id*. Although "the Constitution does not mandate comfortable prisons," *Rhodes v. Chapman*, 452 U.S. 337, 349 (1981), inmates are entitled to adequate food, clothing, shelter, bedding, hygiene materials, and sanitation. *Knight v. Wiseman*, 590 F.3d 458, 463 (7th Cir. 2009); *Gillis v. Litscher*, 468 F.3d 488, 493 (7th Cir. 2006). On the subjective prong, the prisoner must show the defendant acted with deliberate indifference to the inmate's health or safety. *Farmer*, 511 U.S. at 834. Under the law:

> [C]onduct is deliberately indifferent when the official has acted in an intentional or criminally reckless manner, i.e., the defendant must have known that the plaintiff was at serious risk of being harmed and decided

3

> not to do anything to prevent that harm from occurring even though he could have easily done so.

*Board v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005) (internal citations and quotation marks omitted); *see also Reed v. McBride*, 178 F.3d 849, 855 (7th Cir. 1999) (where inmate complained about severe deprivations but was ignored, he established a "prototypical case of deliberate indifference"). Giving Mr. Merritt the benefit of the inferences to which he is entitled at this stage of the proceedings, he has stated a claim against Ms. Mack for violating his Eighth Amendment rights by taking no action to help when his cell was flooded with sewage on April 28, 2021.

For these reasons, the court:

(1) GRANTS Antonio Merritt leave to proceed against Correctional Officer Ms. Mack in her individual capacity for compensatory and punitive damages for taking no action to help when his cell was flooded with sewage on April 28, 2021, in violation of the Eighth Amendment;

(2) DISMISSES all other claims;

(3) DISMISSES Superintendent Ron Neal, Assistant Superintendent Don Buss, Ms. Baylor, Mark Newkirk, and Wexford pursuant to Federal Rule of Civil Procedure 21;

(4) DIRECTS the clerk to request Waiver of Service from (and if necessary, the United States Marshals Service to serve process on) Correctional Officer Ms. Mack at the Indiana Department of Correction, with a copy of this order and the complaint (ECF 1), pursuant to 28 U.S.C. § 1915(d);

(5) ORDERS the Indiana Department of Correction to provide the full name, date of birth, and last known home address of Correctional Officer Ms. Mack, if she does not waive service and if it has such information; and

(6) ORDERS, pursuant to 42 U.S.C. § 1997e(g)(2), Correctional Officer Ms. Mack to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED.

September 16, 2021

*s/ Damon R. Leichty*
Judge, United States District Court