UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

ANTONIO MERRITT,

                    Plaintiff,

         v.                                          CAUSE NO. 3:21-CV-502-DRL-MGG

MS. MACCRAFITY,

                    Defendant.

OPINION AND ORDER

Antonio Merritt, a prisoner without a lawyer, is proceeding in this case against Correctional Officer Erin McClafferty "in her individual capacity for compensatory and punitive damages for taking no action to help when his cell was flooded with sewage on April 28, 2021, in violation of the Eighth Amendment[.]" ECF 8 at 4. Correctional Officer McClafferty filed a motion for summary judgment, arguing Mr. Merritt did not exhaust his administrative remedies before filing suit. ECF 18. Mr. Merritt filed a response, and Correctional Officer McClafferty filed a reply. ECF 24, 25. The summary judgment motion is now fully briefed and ripe for ruling.

Summary judgment must be granted when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Federal Rule of Civil Procedure 56(a). A genuine issue of material fact exists when "the evidence is such that a reasonable [factfinder] could [find] for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). To determine whether a genuine issue of material fact exists, the court must construe all facts in the light most favorable to the non-moving

party and draw all reasonable inferences in that party's favor. *Heft v. Moore*, 351 F.3d 278, 282 (7th Cir. 2003). However, a party opposing a properly supported summary judgment motion may not rely merely on allegations or denials in its own pleading, but rather must "marshal and present the court with the evidence she contends will prove her case." *Goodman v. Nat'l Sec. Agency, Inc.*, 621 F.3d 651, 654 (7th Cir. 2010). "[I]nferences relying on mere speculation or conjecture will not suffice." *Trade Fin. Partners, LLC v. AAR Corp.*, 573 F.3d 401, 407 (7th Cir. 2009).

Prisoners are prohibited from bringing an action in federal court with respect to prison conditions "until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). "[A] suit filed by a prisoner before administrative remedies have been exhausted must be dismissed; the district court lacks discretion to resolve the claim on the merits, even if the prisoner exhausts intra-prison remedies before judgment." *Perez v. Wisconsin Dep't of Corr.*, 182 F.3d 532, 535 (7th Cir. 1999) (emphasis added). "Failure to exhaust is an affirmative defense that a defendant has the burden of proving." *King v. McCarty*, 781 F.3d 889, 893 (7th Cir. 2015).

The law takes a "strict compliance approach to exhaustion." *Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006). Thus, "unless the prisoner completes the administrative process by following the rules the state has established for that process, exhaustion has not occurred." *Pozo v. McCaughtry*, 286 F.3d 1022, 1023 (7th Cir. 2002). However, inmates are only required to exhaust administrative remedies that are "available." *Woodford v. Ngo*, 548 U.S. 81, 102 (2006). The availability of a remedy is not a matter of what appears "on paper," but rather whether the process was in actuality available for the prisoner to

pursue. *Kaba v. Stepp*, 458 F.3d 678, 684 (7th Cir. 2006). Thus, when prison staff hinder an inmate's ability to use the administrative process, administrative remedies are not considered "available." *Id.* In essence, "[p]rison officials may not take unfair advantage of the exhaustion requirement . . . and a remedy becomes 'unavailable' if prison employees do not respond to a properly filed grievance or otherwise use affirmative misconduct to prevent a prisoner from exhausting." *Dole*, 438 F.3d at 809.

Correctional Officer McClafferty argues Mr. Merritt did not exhaust his administrative remedies before filing this lawsuit because he never submitted any grievance regarding his allegation he was held in a flooded cell. ECF 19 at 4, 7; ECF 18-1 at 6. In response, Mr. Merritt argues the grievance office made the grievance process unavailable to him because he submitted a grievance complaining he was held in a flooded cell but the grievance office rejected this grievance as frivolous, leaving him with no further remedy. ECF 24. Specifically, Mr. Merritt provides evidence that (1) he submitted a grievance on May 2, 2021, complaining that he was held in a flooded cell for twenty-four hours and correctional officers refused to help him ("May 2 grievance"); and (2) the grievance office rejected the May 2 grievance as "frivolous in nature" because the flooding was caused by an emergency operation and was eventually rectified by prison staff, rendering the situation moot. ECF 24-1 at 1-2. Because Correctional Officer McClafferty does not dispute this evidence, the court accepts it as undisputed.

Here, the undisputed evidence shows the grievance office made the grievance process unavailable to Mr. Merritt by improperly rejecting his May 2 grievance as frivolous. Specifically, while being frivolous could be a reason for denying a grievance, it

is not a reason for rejecting it. The Indiana Department of Correction Grievance Policy only requires:

> Each completed State Form 45471, "Offender Grievance," must meet the following standards:
> 1. Each part of the form shall be completed;
> 2. It shall be written legibly;
> 3. It shall avoid the use of legal terminology;
> 4. It shall relate to only one event or issue;
> 5. It shall be signed, dated, and submitted by an offender on their own behalf, although it can be written by another offender or staff member if the offender is unable to do so due to a physical impairment, language impairment, or other obstacle;
> 6. It shall explain how the situation or incident affects the offender; and,
> 7. The offender shall suggest appropriate relief or remedy.

ECF 18-2 at 9-10. There is no evidence that Mr. Merritt's May 2 grievance failed to comply with any of these requirements. Thus, the undisputed evidence shows the grievance office made the grievance process unavailable to Mr. Merritt by rejecting his May 2 grievance without a valid basis. *See Davis v. Mason*, 881 F.3d 982, 986 (7th Cir. 2018) (holding that the grievance office made an inmate's administrative remedies unavailable by rejecting his grievance based on purported noncompliance with unannounced requirements).

In her reply, Correctional Officer McClafferty argues Mr. Merritt still had two available remedies he did not exhaust after the grievance office rejected his May 2 grievance. ECF 25 at 3. First, Correctional Officer McClafferty argues Mr. Merritt did not comply with the Offender Grievance Process's requirement to correct and resubmit his May 2 grievance after it was rejected by the grievance office. *Id.* But it is not clear what corrections Mr. Merritt was expected to make to his rejected May 2 grievance, as the

grievance office improperly rejected this grievance as "frivolous in nature." Second, Correctional Officer McClafferty argues Mr. Merritt could have appealed the grievance office's rejection of his May 2 grievance. *Id.* But the Offender Grievance Process only provides for appeals of grievances that are denied on the merits, and does not provide any mechanism for an inmate to appeal the grievance office's outright rejection of a grievance. *See* ECF 18-2 at 12-13; *Davis*, 881 F.3d at 986 (noting that the Offender Grievance Process allows inmates to appeal the denial of a grievance, but does not provide for an appeal from the rejection of a grievance).

Thus, the undisputed evidence shows the grievance office made the grievance process unavailable to Mr. Merritt by improperly rejecting his May 2 grievance, and Correctional Officer McClafferty has not shown Mr. Merritt had any available remedy to correct or appeal his May 2 grievance after it was rejected by the grievance office. Therefore, Correctional Officer McClafferty has not met her burden to show Mr. Merritt had available administrative remedies he did not exhaust prior to filing this lawsuit.

For these reasons, the court DENIES Correctional Officer McClafferty's motion for summary judgment (ECF 18).

SO ORDERED.

October 12, 2022                                  *s/ Damon R. Leichty*
                                                  Judge, United States District Court