UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

ANTONIO MERRITT,

    Plaintiff,

    v.                        CAUSE NO. 3:21-CV-502-DRL

MACCRAFITY,

    Defendant.

OPINION AND ORDER

Antonio Merritt, a prisoner without a lawyer, is proceeding in this case against Correctional Officer Erin McClafferty "in her individual capacity for compensatory and punitive damages for taking no action to help when his cell was flooded with sewage on April 28, 2021, in violation of the Eighth Amendment[.]" ECF 8 at 4. Officer McClafferty filed a motion for summary judgment, arguing she did not violate Mr. Merritt's Eighth Amendment rights. ECF 42. Mr. Merritt filed a response, and Officer McClafferty filed a reply. ECF 48, 53. The summary judgment motion is now fully briefed.

Summary judgment must be granted when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Federal Rule of Civil Procedure 56(a). A genuine issue of material fact exists when "the evidence is such that a reasonable [factfinder] could [find] for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). To determine whether a genuine issue of material fact exists, the court must construe all facts in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Heft v. Moore*, 351 F.3d 278,

282 (7th Cir. 2003). A party opposing a properly supported summary judgment motion may not rely merely on allegations or denials in its own pleading but must "marshal and present the court with the evidence she contends will prove her case." *Goodman v. Nat'l Sec. Agency, Inc.*, 621 F.3d 651, 654 (7th Cir. 2010).

Officer McClafferty concedes Mr. Merritt was housed in a cell that was flooded with sewage on April 28, 2021, but argues summary judgment is nevertheless warranted in her favor for three reasons. Each argument will be addressed in turn.

First, Officer McClafferty argues summary judgment is warranted in her favor because she was not personally involved in any constitutional violation that occurred on April 28, 2021. ECF 43 at 4-7. In support of this argument, she attests to the following facts. During all relevant times, Officer McClafferty was employed as a correctional officer at Indiana State Prison (ISP) and assigned to work twelve-hour morning shifts. ECF 42-5 at 1. On April 27, 2021, as part of a prison-wide shakedown, Mr. Merritt was moved to a cell on the 500 East range. *Id.*; ECF 42-2. Officer McClafferty did not work on April 27. ECF 42-5 at 1.

On the morning of April 28, 2021, Officer McClafferty was assigned as the Range Officer for the 300 East range, not the 500 East range. *Id.* She does not recall speaking with or seeing Mr. Merritt on that day. *Id.* Officer McClafferty provides a "Shift Roster," which shows she was assigned to the 300 East range on April 28. ECF 42-3 at 3. She argues that, because she was assigned to the 300 East range on April 28 and was not responsible for inspecting the 500 East range, she was not personally involved in any alleged constitutional deprivation that occurred on April 28. ECF 43 at 6-7.

2

In his response, Mr. Merritt argues Officer McClafferty was personally involved in the constitutional violation because she was present at his cell on April 28 and witnessed the flooding but did nothing to remedy it. ECF 48 at 1-2. Specifically, Mr. Merritt argues ISP was on institutional shakedown on April 28 and correctional officers were sent to wherever they were needed rather than remaining on their assigned range. *Id.* at 2. Mr. Merritt saw Officer McClafferty passing out food trays on the 500 range and when she stopped at his cell he asked her "Do you see all this nasty water in my cell?" *Id.* She responded "What do you want me to do?" and Mr. Merritt asked her to call biohazard to clean his cell, but she never contacted anyone. *Id.* Officer McClafferty was the only officer Mr. Merritt saw on the 500 range on April 28. *Id.* at 3.

Here, a reasonable jury could credit Mr. Merritt's testimony that he saw Officer McClafferty at his cell on April 28 and asked her for help and conclude she was personally involved in the alleged constitutional deprivation. Because there are disputed material facts whether Officer McClafferty was personally involved in the alleged constitutional violation, summary judgment is not warranted on this basis.

Second, Officer McClafferty argues that, even assuming she was personally involved in the alleged constitutional deprivation, she did not violate Mr. Merritt's Eighth Amendment rights because the condition of his cell was not sufficiently serious and she was not deliberately indifferent to that condition. ECF 43 at 7-12. The Eighth Amendment prohibits conditions of confinement that deny inmates "the minimal civilized measure of life's necessities." *Townsend v. Fuchs*, 522 F.3d 765, 773 (7th Cir. 2008).

3

In evaluating an Eighth Amendment claim, courts conduct both an objective and a subjective inquiry. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994).

The objective prong asks whether the alleged deprivation is "sufficiently serious" that the action or inaction of a prison official leads to "the denial of the minimal civilized measure of life's necessities." *Farmer*, 511 U.S. at 834. Although "the Constitution does not mandate comfortable prisons," *Rhodes v. Chapman*, 452 U.S. 337, 349 (1981), inmates are entitled to adequate food, clothing, shelter, bedding, hygiene materials, and sanitation, *Knight v. Wiseman*, 590 F.3d 458, 463 (7th Cir. 2009); *Gillis v. Litscher*, 468 F.3d 488, 493 (7th Cir. 2006).

Officer McClafferty argues the condition of Mr. Merritt's cell was not "objectively, sufficiently serious," because he was only exposed to water in his cell that would cover his foot for at most twelve[1] hours. ECF 43 at 7-11. Mr. Merritt responds that the condition of his cell was objectively serious because his cell was filled with sewage water, he had to walk through the sewage in order to get his food, and he could not eat because of the smell and sight of the sewage. ECF 48 at 3-4.

Here, a reasonable jury could conclude that housing Mr. Merritt in a cell with sewage for twelve hours for no reason denied him the minimal civilized measure of life's necessities. *See Hardeman v. Curran*, 933 F.3d 816, 821 (7th Cir. 2019) (recognizing clearly established right of inmates "not to be forced to live surrounded by their own and others'

---

[1] Mr. Merritt testified that, once Officer McClafferty's April 28 morning shift ended and the next shift began, a different correctional officer called a plumber who "fixed the toilet immediately" and gave him cleaning supplies. ECF 42-1 at 10.

4

excrement"); *Johnson v. Pelker,* 891 F.2d 136, 139 (7th Cir. 1989) (reversing summary judgment for defendant where evidence showed inmate was housed for three days in a cell containing feces); *Holliday v. Lakin*, No. 15-CV-290, 2017 WL 9751322, 7 (S.D. Ill. Dec. 27, 2017) ("being forced to stand in raw sewage in his cell for over twenty-four hours could constitute an objectively serious deprivation of the minimum standards of decency if Plaintiff's testimony is believed by the jury"). Because a reasonable jury could conclude the condition of Mr. Merritt's cell was objectively, sufficiently serious, summary judgment is not warranted on this ground.

On the subjective prong, the prisoner must show the defendant acted with deliberate indifference to the inmate's health or safety. *Farmer*, 511 U.S. at 834. As the Seventh Circuit has explained:

> [C]onduct is deliberately indifferent when the official has acted in an intentional or criminally reckless manner, i.e., the defendant must have known that the plaintiff was at serious risk of being harmed and decided not to do anything to prevent that harm from occurring even though he could have easily done so.

*Board v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005) (citations and quotations omitted); *see also Reed v. McBride*, 178 F.3d 849, 855 (7th Cir. 1999) (where inmate complained about severe deprivations but was ignored, he established a "prototypical case of deliberate indifference").

Officer McClafferty argues her mental state was not sufficiently culpable to be deemed deliberately indifferent, as the evidence at most shows she neglected Mr. Merritt's cell condition and does not show "wantonness" on her behalf. ECF 43 at 11-12. But Mr. Merritt responds that he showed Officer McClafferty the sewage water in his cell

and requested that she contact biohazard to clean the mess up, and she never called anyone to clean up the mess or took any action to help him clean his cell. Officer McClafferty provides no evidence it was necessary to keep Mr. Merritt in the cell with sewage for twelve hours, and does not explain why she made no effort to contact biohazard or otherwise help Mr. Merritt clean the cell.[2] Because Officer McClafferty offers no explanation for why she did nothing to help Mr. Merritt clean his cell, a reasonable jury could conclude she "decided not to do anything" to help Mr. Merritt "though [s]he could have easily done so." *Board*, 394 F.3d at 478. Accordingly, there are disputed material facts whether (1) the condition of Mr. Merritt's cell was objectively, sufficiently serious and (2) Officer McClafferty was deliberately indifferent to that condition.

Third, Officer McClafferty argues she is entitled to qualified immunity because Mr. Merritt does not have a clearly established right to have a clean cell without delay during a prison emergency. ECF 43 at 12-14. As outlined above, Mr. Merritt's account is that he was forced to live in a cell flooded with sewage for at least twelve hours, and Officer McClafferty took no action to remedy the situation though she could have easily done so. On these facts, Officer McClafferty is not entitled to qualified immunity. *See Hope v. Pelzer*, 536 U.S. 730, 745 (2002) (holding that "[t]he obvious cruelty inherent" in putting inmates in certain wantonly "degrading and dangerous" situations provides officers "with some notice that their alleged conduct violate[s]" the Eighth Amendment); *Taylor*

---

[2] Officer McClafferty does provide evidence ISP staff conducted a "shakedown" between April 27 and April 30, during which some inmates were combative and started fires on ranges. ECF 42-4. But Mr. Merritt responds there were no fires on the 500 East range (ECF 48 at 2-3), and Officer McClafferty does not explain how the shakedown or fires prevented her from contacting biohazard or taking any other action to help Mr. Merritt.

*v. Riojas*, 141 S. Ct. 52 (2020) (holding that it was clearly established as of 2013 that the Eighth Amendment was violated when an inmate was held in a cell containing raw sewage for six days); *Hardeman*, 933 F.3d at 821 (recognizing clearly established right of inmates "not to be forced to live surrounded by their own and others' excrement); *Johnson*, 891 F.2d at 139.

Thus, there are disputed material facts in the record which preclude summary judgment. For these reasons, the court DENIES Officer McClafferty's motion for summary judgment (ECF 42).

SO ORDERED.

December 11, 2023                          *s/ Damon R. Leichty*
                                                     Judge, United States District Court